## LASHINSKY v. RUSSIAN CO.

(Supreme Court, Appellate Term. December 7, 1904.)

1. CARRIERS—INJURIES TO GOODS—ACTIONS—OWNERSHIP—EVIDENCE.

In an action against a carrier for injuries to goods, plaintiff was not entitled to recover where the evidence of ownership was insufficient to preclude the maintenance of a subsequent action by either the consignor or consignee.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by William Lashinsky against the Russian Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

John L. Bernstein, for appellant.
Jacob W. Block, for respondent.

FREEDMAN, P. J. Plaintiff sued to recover damages for breach of contract of insurance, and injuries to personal property resulting from defendant's alleged negligence. The goods in question were insured and shipped by the defendant company from a point in Russia, and the defendant admitted upon the trial that a bill of lading was executed by it and given to the consignor. A translation of the terms and conditions of such bill of lading is attached to the record, but the name of the consignor or of the consignee is not contained therein, and the defendant's admission states that the consignor was D. Vurl, and the consignee one Kaplan. The name of D. Vurl does not appear again in the record, and his identity is unexplained. The plaintiff testifies that the goods are his. One Laib Lashinsky testified that he was the father of plaintiff, and that he, together with his son-in-law, named Weill, and his son (name not given), personally delivered the goods to the office in Russia of the defendant company; but his testimony throws no light upon the ownership of the goods, nor does it appear that he was the Kaplan who was named as consignee in the bill of lading

It was stipulated in writing by the attorneys for the respective parties that "the pleadings, exhibits, and testimony, as shown by the stenographer's minutes, and the bill of particulars, in the case of Kaplan v. The Russian Company, shall constitute the case on appeal herein." This stipulation, although made part of the return herein, seems to have been ignored, except that there appears a bill of particulars annexed to the return, which seems to have been made in an action entitled, "Max Kaplan v. The Russian Company." As to the pleadings, they appear as having been made orally in this case; and the minutes in the record herein seem to have been taken in this action, and not in the Kaplan action. The defendant received the goods from the consignor, one D. Vurl, to be delivered to a person named Kaplan, and, under its bill of lading, is liable either to the consignor or consignee, or to some person deriving some title from either the one or the other, or at least to some party showing such a right of ownership and cause of action as will preclude either the consignor or the consignee from maintaining a similar action. The present state of the record does not show such a situation.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.